# Exhibit 1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| |
|---|
| **DANIEL CARSTAIRS**, on behalf of himself and all others similarly situated,<br><br>        *Plaintiff*,<br><br>    v.<br><br>**UNIVERSITY OF ROCHESTER**,<br><br>        *Defendant*. |

Case No. 6:20-cv-06690-CJS

## <u>CLASS SETTLEMENT AGREEMENT AND RELEASE</u>

## TABLE OF CONTENTS

1.   RECITALS .................................................................................................. 1

2.   DEFINITIONS............................................................................................. 2

3.   PRELIMINARY APPROVAL ..................................................................... 6

4.   CLASS SETTLEMENT TERMS ................................................................. 7

5.   SETTLEMENT FUND................................................................................ 16

6.   ENTRY OF FINAL JUDGMENT AND ORDER........................................ 21

7.   TERMINATION.......................................................................................... 22

8.   MISCELLANEOUS PROVISIONS............................................................. 23

This Class Settlement Agreement and Release ("Settlement Agreement")[1] is made and entered into by the Parties and their counsel as of May 29, 2025 in the matter captioned *Daniel Carstairs v. University of Rochester*, No. 6:20-cv-06690-CJS, pending in the United States District Court for the Western District of New York, and it is submitted to the Court for approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## 1.    RECITALS

WHEREAS, on May 29, 2020, Named Plaintiff Daniel Carstairs filed a class action complaint in the United States District Court for the Western District of New York, alleging breach of contract and unjust enrichment by Defendant University of Rochester arising from its alleged failure to refund certain sums received for tuition and fees with respect to in-person instruction in 2020;

WHEREAS, Defendant denies all allegations and claims asserted against it, but is entering into this Settlement Agreement to avoid the risk, burden and expense of continued litigation;

WHEREAS, this Settlement Agreement has been reached after the Defendant provided voluminous discovery and documents and information, and it is the product of sustained, arm's-length settlement negotiations and formal mediation;

WHEREAS, the Parties recognize that the outcome of this matter is uncertain, and that a final resolution through the litigation process would require protracted adversarial litigation and appeals; substantial risk and expense; and

WHEREAS, the Parties believe that this Settlement Agreement is fair, reasonable, and adequate in its resolution of the claims brought because it provides for a monetary payment to the

---

[1]    Capitalized terms are defined in Section 2, *infra*.

Settlement Class in exchange for full releases that also are tailored to the specific claims made against Defendant;

NOW, THEREFORE, it is hereby stipulated and agreed by the undersigned on behalf of Named Plaintiff, the Settlement Class, and the Defendant that this matter and all claims of the Settlement Class be settled, compromised, and dismissed fully on the merits and with prejudice as to Defendant, subject to Court approval, as required by Rule 23 of the Federal Rules of Civil Procedure, on the terms and conditions set forth herein.

The recitals above are true and accurate and are a part of this Settlement Agreement.

## 2.    DEFINITIONS

For the purposes of this Settlement Agreement, including the recitals stated above, the following terms will have the following meanings:

**2.1**    "CAFA Notice" means notice of this settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Section 4.1.5.

**2.2**    "Class Counsel" means James A. Francis, John Soumilas, and Jordan M. Sartell of Francis Mailman Soumilas, P.C., and Yvette Golan of The Golan Law Firm, PLLC, representing the Named Plaintiff and the Settlement Class.

**2.3**    "Class," "Settlement Class" or "Settlement Class Member(s)" means any student or learner who paid or caused to be paid tuition and/or Academic Service Fees, Activity Fees, Campus Health Fees, and/or course fees ("Mandatory Fees") to Defendant to attend in-person courses at the University of Rochester in the Spring 2020 Semester, Summer 2020 Semester, and/or Fall 2020 Semester for a degree- or certificate-bearing University of Rochester program and whose courses were not provided in-person.

2

**2.4**    "Class Notice Plan" means the plan for providing notice of this settlement to the Settlement Class under Federal Rules of Civil Procedure, Rule 23(c)(2)(A) and (e)(1), as set forth in Section 4.1.

**2.5**    "Class List" means the compilation of the information Defendant will provide to the Settlement Administrator for the purposes of accurately and efficiently providing Notice to Settlement Class Members and determining the amounts of distributions due to Settlement Class Members pursuant to the terms of this Settlement Agreement. The Settlement Administrator agrees to keep the Class List strictly confidential and to not use or disclose the Class List for any other purpose at any other time.  The Class List shall include, without limitation, the following for each Settlement Class Member:

**2.5.1**    Student ID number, full name; date of birth; last-known mailing address; last-known email addresses; and last-known telephone numbers;

**2.5.2**    Separately for the Spring 2020 Semester, the Summer 2020 Semester, and the Fall 2020 Semester, the following "Class List Notice Data":

**2.5.2.1** the sum of all tuition payments (net of grants and scholarships) received by Defendant from or on behalf of the Settlement Class Member;

**2.5.2.2** the sum of all Mandatory Fee payments (net of grants and scholarships) received by Defendant from or on behalf of the Settlement Class Member;

**2.5.2.3** all for-credit courses enrolled by the Settlement Class Member;

**2.5.2.4** for each for-credit course enrolled by the Settlement Class Member, the course's listed course format;

**2.5.2.5** the sum of all credit hours enrolled by the Settlement Class Member

**2.5.2.6** the sum of all credit hours enrolled by the Settlement Class Member in courses that were listed as in-person but that were delivered online.

3

**2.6** "Class Period" means March 11, 2020 to December 31, 2020.

**2.7** "Class Released Claims" means those claims that the Settlement Class is releasing against the Released Parties, as set forth in Section 4.3.

**2.8** "Court" means the United States District Court for the Western District of New York.

**2.9** "Defendant" means University of Rochester.

**2.10** "Effective Date" means the first weekday at least twenty-eight (28) days after this Court's entry of the Final Judgement and Order.

**2.11** "Escrow Account" means an interest-bearing account at a financial institution to be identified by Class Counsel and approved by Defendant in which the Settlement Fund shall be deposited.

**2.12** "Fall 2020 Semester" means, depending on the academic calendar of the school, department, or other unit within Defendant, the period no earlier than August 1, 2020 to no later than December 31, 2020, referred to by Defendant as the Fall Semester, that describes the academic programming offered by Defendant during that period.

**2.13** "Final Approval Hearing" is the hearing the Court schedules to make a final determination as to whether this settlement is fair, reasonable, and adequate.

**2.14** "Final Judgment" or "Final Judgment and Order" means a final judgment and order of dismissal entered by the Court in this Litigation, in the form of **Exhibit B** hereto, granting final approval of this Settlement Agreement (including addressing Class Counsel's request for attorneys' fees, costs, and other expenses and Named Plaintiff's request for a Service Award), and entering a judgment according to the terms in this Settlement Agreement.

**2.15** "Funding Date" means the third (3rd) weekday after the Effective Date.

4

**2.16** "Gift Aid" means any credit applied to a student's semester balance for Spring 2020 Semester, Summer 2020 Semester and Fall 2020 Semester, funded by an entity or person other than the student or natural person affiliated with the student, that the benefiting student is not obligated to repay, including, but not limited to, third-party scholarships and grants and Rochester-backed scholarships, tuition waivers, and grants.

**2.17** "Litigation" means the matter captioned *Daniel Carstairs v. University of Rochester*, No. 6:20-cv-06690-CJS, which is currently pending in the United States District Court for the Western District of New York.

**2.18** "Named Plaintiff" means Daniel Carstairs.

**2.19** "Notice" means the notice (in a form substantially similar to that attached as **Exhibit C** and approved by the Court) that will be emailed or mailed to each Settlement Class Member, as further described in Section 4.1.3.

**2.20** "Party" and "Parties" mean the Named Plaintiff, the Settlement Class, and the Defendant.

**2.21** "Preliminary Approval" and "Preliminary Approval Order" mean the Court's order in the form attached hereto as **Exhibit A**, preliminarily approving the proposed settlement, approving and directing the Class Notice Plan, and appointing a Settlement Administrator.

**2.22** "Released Parties" means the Defendant and its respective past and present employees, parents and subsidiaries and affiliate corporations or other business entities, including but not limited to their current members, officers, directors, employees, agents, representatives, contractors, vendors, resellers, suppliers, insurers, attorneys, successors, and assigns.

**2.23** "Service Award" means the one-time payment to the Named Plaintiff, for the time and resources that he has put into representing the Class, as set forth in Section 5.3.

**2.24** "Settlement Administrator" means, subject to Court approval, Continental DataLogix, LLC.

**2.25** "Settlement Agreement" means this Class Settlement Agreement and Release, including all attached exhibits.

**2.26** "Settlement Fund" means the monetary relief that Defendant has agreed to provide for the benefit of the Settlement Class, as further described in Section 5.1.

**2.27** "Settlement Website" means the Internet website to be established by the Settlement Administrator, as part of the Class Notice Plan, as set forth in Section 4.1.4.

**2.28** "Spring 2020 Semester" means, depending on the academic calendar of the school, department, or other unit within Defendant, the period no earlier than January 2, 2020, to no later than June 30, 2020, referred to by Defendant as the Spring Semester, that describes the academic programming offered by Defendant during that period.

**2.29** "Summer 2020 Semester" means, depending on the academic calendar of the school, department, or other unit within Defendant, the period no earlier than May 1, 2020 to no later than August 31, 2020, referred to by Defendant as the Summer Session or other similar title, that describes the academic programming offered by Defendant during that period and not part of a Spring 2020 Semester or Fall 2020 Semester course.

## 3.    PRELIMINARY APPROVAL

### 3.1    Preliminary Approval Order

As soon as reasonably practicable, the Named Plaintiff shall file with the Court a Motion for Preliminary Approval of the Settlement; Approval and Direction of the Class Notice Plan; and Appointment of the Settlement Administrator. The motion shall seek entry of an order, attached as **Exhibit A**, that would:

         a)    preliminarily approve this Settlement Agreement;

b)       approve the proposed Class Notice Plan, including the form of Notice substantially similarl to that attached as **Exhibit C**; and

c)       appoint the Settlement Administrator.

**3.2     Certification for Settlement Purposes Only**

Nothing in this Settlement Agreement shall be construed as an admission by Defendant that this Litigation or any similar case is amenable to class certification for trial purposes or prevent Defendant from exercising its right(s) to terminate this Settlement Agreement in accordance with Section 7, and any inference of such an admission is denied.

## 4.       CLASS SETTLEMENT TERMS

**4.1     Class Notice Plan**

**4.1.1   Class List**

Within twenty (20) days after the Court's entry of the Preliminary Approval Order, Defendant shall provide the Class List (and Class List Notice Data) to the Settlement Administrator.

The Named Plaintiff, Class Counsel, and Settlement Class hereby acknowledge and agree that Defendant is providing the information referenced in this Section to the Settlement Administrator solely for the purpose of effecting the terms of this Settlement Agreement, and that such information shall not be used, disseminated, or disclosed by or to any other person for any other purpose. If the settlement is terminated for any of the reasons identified in Section 7, the Settlement Administrator shall immediately destroy any and all copies of the information referenced in this Section and promptly provide Defendant's counsel with notice of such destruction. The provisions regarding the compilation and treatment of the list referenced above are material terms of this Settlement Agreement. The Parties and the Settlement Administrator also agree to treat the list as "Confidential" under the terms of the Stipulation and Proposed Order Governing Confidential Discovery Material filed at ECF 62 in the Litigation.

### 4.1.2    Court Appointment and Retention of Settlement Administrator

At the preliminary approval hearing, the Parties will propose that the Court appoint the Settlement Administrator, as defined above. The Settlement Administrator's responsibilities shall include, but are not limited to, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement Agreement, directing the mailing of payments to Settlement Class Members, and any other tasks reasonably required to effectuate this Settlement Agreement. The Settlement Administrator will provide monthly updates on the status of disbursements and cashed checks to counsel for the Parties.

### 4.1.3    Class Notice

Named Plaintiff, Defendant, and the Settlement Administrator have agreed that they will jointly recommend the Notice, substantially in the form attached as **Exhibit C**, to the Court for approval. Within twenty-eight (28) days after Defendant provides the Class List to the Settlement Administrator, the Settlement Administrator will send the Notice via electronic mail to the last-known email address reflected in the Class List if there is an email address associated with a Settlement Class Member.

If there is no email address associated with a Settlement Class Member, or if an email bounce back is received upon attempted transmission, then within twenty-eight (28) days after Defendant provides the Class List to the Settlement Administrator, the Settlement Administrator will send the Notice to Settlement Class Members via U.S. mail, postage prepaid, also requesting either forwarding service or change service to the last-known address reflected in the Class List. Prior to mailing, the Settlement Administrator shall utilize the U.S. Postal Service's National Change of Address System.

8

For those Settlement Class Members whose notice is ultimately delivered by U.S. Mail, and for up to forty-five (45) days following the mailing of the Notice via U.S. Mail (if applicable), the Settlement Administrator will re-mail the Notice via standard U.S. Mail, postage prepaid, to those Settlement Class Members whose notices were returned as undeliverable to the extent an alternative mailing address can be reasonably located. The Settlement Administrator will first attempt to re-mail the Notice to the extent that it received an address change notification from the U.S. Postal Service. If an address change notification form is not provided by the U.S. Postal Service, the Settlement Administrator may attempt to obtain an updated address using reasonable and appropriate methods to locate an updated address.

No later than forty-five (45) days before the Final Approval Hearing, the Settlement Administrator will provide a declaration verifying that Notice has been provided to the Class to Class Counsel, who shall file same with the Court.

Neither the Parties nor the Settlement Administrator will have any further obligation to send notice of the settlement to the Settlement Class Members other than the requirements that are outlined in this agreement.

### 4.1.4   Settlement Website

The Settlement Administrator also will create, own, and maintain the Settlement Website to be activated no later than five (5) days prior to the mailing of the Notice described above. The URL for the website will be: www.URSettlement.com. The Settlement Website will post important settlement documents, such as the operative Complaint, the Notice, the Settlement Agreement, and the Preliminary Approval Order.  In addition, the Settlement Website will include a section for frequently asked questions, and procedural information regarding the status of the Court-approval process, such as an announcement when the Final Approval Hearing is scheduled, when the Final Judgment and Order has been entered, when the Effective Date is expected or has been reached,

and when payment will likely be made. For avoidance of doubt, the Settlement Administrator will not post the Class List Notice Data on the Settlement Website.

The Settlement Administrator will terminate the Settlement Website either: (1) one hundred and eighty (180) days after the Effective Date; or (2) thirty (30) days after the date on which the settlement is terminated or otherwise not approved by the Court.

### 4.1.5   CAFA Notice

At its own expense, Defendant shall prepare and serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days after the filing of this Settlement Agreement with the Court. At Defendant's discretion, Defendant may use a third-party to serve the CAFA Notice, but the expense of sending such notice shall be borne by Defendant separate from its obligations to fund the Settlement Fund under this Settlement Agreement.

### 4.1.6   Costs and Expenses

Subject to Section 4.1.5, under no circumstances will Defendant have any payment obligations pursuant to this Settlement Agreement that exceed three million, five hundred thousand dollars ($3,500,000.00).

Within fourteen (14) days after Preliminary Approval, Defendant will advance fifty thousand dollars ($50,000.00) to the Settlement Administrator to effectuate the Class Notice Plan, through a deposit at the same financial institution that will hold the Escrow Account. Defendant shall receive a full credit for this payment if and when the Settlement Fund is funded, as discussed in Section 5.

10

**4.2**    **Settlement Consideration**

The Settlement Fund shall consist of three million, five hundred thousand dollars ($3,500,000.00). The Settlement Fund shall be used to make automatic payments to each Settlement Class Member as set forth in this Settlement Agreement.

**4.2.1**    Calculation of Settlement Class Member Distributions

The Settlement Administrator shall prepare calculations to be approved by the Parties. The Settlement Fund (less the amount the Court awards in attorneys' fees and costs, the Service Award, and notice and administration expenses) shall be distributed proportionately to all Settlement Class Members on a prorated basis, based on, for each semester: (1) the amount the Settlement Class Member paid in tuition and Mandatory Fees, net of Gift Aid, but including student and parent loan payments, and (2) the ratio of the credit hours the Settlement Class Member enrolled in (and did not withdraw from) that were to be provided in-person but that were instead delivered online and the total credit hours the Settlement Class Member enrolled in (and did not withdraw from) for that semester.

Each Settlement Class Member is entitled to the below-defined portion of the amount they paid Defendant in tuition and Mandatory Fees, net of Gift Aid, but including student and parent loan payments, corresponding to in-person courses or hybrid courses with an in-person component where the Defendant did not provide an in-person education, less the proportionate sum of any amount the Court awards in attorneys' fees and costs, a Service Award, and notice and administration expenses.

The Settlement Class Member's Spring 2020 In-Person Ratio, Summer 2020 In-Person Ratio, and Fall 2020 In-Person Ratio are the credit hours for in-person courses the Settlement Class Member enrolled in (and did not withdraw) for that semester, divided by the total credit hours the Settlement Class Member enrolled in (and did not withdraw) for that semester. E.g., a student

11

enrolled in 15 credit hours for the Spring 2020 semester, where only 12 of those credit hours were for in-person courses, has a Spring 2020 In-Person Ratio of 0.8.

The Settlement Class Member's Fall 2020 amount paid and Summer 2020 amount paid is the amount of tuition plus Mandatory Fees the Settlement Class Member paid for that semester, net of Gift Aid, but including student and parent loan payments, multiplied by the In-Person Ratio corresponding to that semester. The Settlement Class Member's Spring 2020 amount paid is the amount of tuition plus Mandatory Fees the Settlement Class Member paid for the Spring 2020 semester, net of Gift Aid, but including student and parent loan payments, multiplied by the Semester In-Person Ratio for the Spring 2020 semester, multiplied by 50% (representing the portion of the Spring 2020 semester that Defendant did not provide in-person classes.)

Each Settlement Class Member is entitled to a pro rata distribution of the Settlement Fund, based on each Settlement Class Member's sum of the Fall 2020 amount paid, Summer 2020 amount paid, and Spring 2020 amount paid, less a pro rata share of the sum of any amount the Court awards in attorneys' fees and costs, a Service Award, and notice and administration expenses.

Excluded from the Settlement Class are: (1) students who did not enroll in in-person classes at Rochester for the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester; (2) students who received exclusively in-person classes at Rochester for all classes enrolled during the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester; (3) students who received a refund, Gift Aid, or Rochester scholarship covering all tuition and Mandatory Fees for each of the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester in which they enrolled in in-person classes but did not receive in-person classes; (4) any District Judge or Magistrate Judge presiding over this Action and members of their families; (5) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors,

12

agents, attorneys, and employees; (6) persons who properly execute and file a timely request for

exclusion from the Class; and (7) the legal representatives, successors or assigns of any such

excluded persons.

To the extent that any disputes arise concerning the allocation formula, calculations, notice

procedures, uncashed settlement checks, or similar, then the Parties agree that the Hon. Diane M.

Welsh (Ret.), who mediated the Parties' settlement, shall have binding authority to resolve such

disputes, subject to the ultimate authorization and approval by the Court.

The distributions to Settlement Class Members described in this section shall be made

pursuant to the structure and payment schedule set forth in Section 5.3.1.

### 4.3    Class Release

#### 4.3.1    Release of Claims

Upon the Effective Date, Settlement Class Members who have not validly excluded

themselves from the Settlement Class, on behalf of themselves and their respective spouses, heirs,

executors, administrators, representatives, agents, attorneys, partners, successors, predecessors,

assigns, and all those acting or purporting to act on their behalf, acknowledge full satisfaction of,

and shall be conclusively deemed to have fully, finally, and forever settled, released, and

discharged all the Released Parties of and from all claims, rights, causes of action, suits,

obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies,

costs, expenses, and attorneys' fees of any nature whatsoever arising before the effective date of

the settlement, whether known or unknown, matured or unmatured, foreseen or unforeseen,

suspected or unsuspected, accrued or unaccrued which they ever had or now have resulting from,

arising out of, or regarding Defendant's conduct during the Class Period, including, but not limited

to, Defendant's cessation of in-person education and transition to remote education.

13

Subject to the Court's approval, the Settlement Class Members shall be bound by the settlement and all their Class Released Claims shall be dismissed with prejudice and fully released as against the Released Parties, even if the Settlement Class Member never received actual notice of the settlement prior to the Final Approval Hearing, or never cashed a check.

### 4.3.2    Waiver of Unknown Claims; General Release

Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they or Class Counsel now know or believe to be true with respect to the subject matter of this Litigation and the Class Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release any and all Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts, whether known or unknown.

### 4.3.3    Binding Release

Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this Settlement Agreement or any order entered in connection with such shall affect the dismissal of the Litigation, the *res judicata* or collateral estoppel effect of the Final Judgment and Order, the foregoing releases, or any other provision of the Final Judgment and Order; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all Parties.

### 4.3.4    Opt-Out from Class

#### 4.3.4.1 Requests for Exclusion

All Settlement Class Members shall be given the opportunity to opt out of the Class by submitting a "Request for Exclusion." All Requests for Exclusion must be in writing, sent to the Settlement Administrator, and postmarked no later than thirty (30) days before the Final Approval Hearing. To be valid, a Request for Exclusion must be personally signed and must include: (1) the

14

individual's name, mailing address, and telephone number; and (2) a statement substantially to the effect that: "I request to be excluded from the Settlement Class in the matter of *Daniel Carstairs v. University of Rochester*."

Notwithstanding the foregoing, no person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Class.

### 4.3.4.2 Verification of Opt-Outs by Settlement Administrator

The Settlement Administrator shall provide copies of the Requests for Exclusion to the Parties no later than three (3) days after they are received by the Settlement Administrator. No later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel (with a copy to Defendant), who shall file it with the Court, a declaration verifying that notice has been provided to the Class as set forth herein and listing all of the valid opt-outs received.

### 4.3.4.3 Effect of Opt-Out from Settlement Class

All individuals within the Class who timely submit a valid Request for Exclusion will, subject to Court approval, exclude themselves from the Settlement Class and preserve their ability to independently pursue, at their own expense, any individual claims they claim to have against Defendant, subject to any further defenses that can be advanced by Defendant. Any such individual within the Settlement Class who so opts out will not be bound by further orders or judgments in the Litigation as they relate to the Class. Because the settlement is being reached as a compromise to resolve this litigation, including before a final determination of the merits of any issue in this case, no individual who opts out of the Class shall be able to invoke the doctrines of *res judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation against Defendant in connection with the claims asserted by the Class.

15

#### 4.3.4.4 Objections from Settlement Class Members

Any Settlement Class Member who has not opted-out in accordance with the terms above and who intends to object to this Settlement Agreement must file the objection in writing with the Clerk of Court no later than thirty (30) days prior to the Final Approval Hearing and must concurrently serve the objection on the Settlement Administrator, Class Counsel, and counsel for Defendant. The objection must include the following: (1) the Settlement Class Member's full name, mailing address, and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel.

Any Settlement Class Member who fails to timely file and serve a written objection pursuant to this Section shall not be permitted to object to the approval of the settlement or this Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

## 5.    **SETTLEMENT FUND**

### 5.1    **Settlement Fund**

By the Funding Date, Defendant shall fund the Settlement Fund by depositing a single lump-sum of three million five hundred thousand dollars ($3,500,000.00), less the amount

provided for in Section 4.1.6, in the Escrow Account, which shall satisfy Defendant's payment obligations under this Settlement Agreement.

The Settlement Fund includes all potential amounts awarded by the Court as the total monetary consideration to the Class, inclusive of any and all payment of attorneys' fees and costs, Service Award, notice and administration expenses, and any other expenses described herein, but does not include the costs of CAFA Notice (if any).

Subject to section 4.1.5, Defendant shall not be ordered or required to pay any other award or any other fees, costs, or expenses in addition to the above.

**5.2    Settlement Fund Tax Status**

**5.2.1**    The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Subsection, including the "relation back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**5.2.2**    For the purpose of Treasury Regulation § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns shall be consistent with this Subsection and in all events shall reflect that all Taxes (as defined

17

herein) on the income earned by the Settlement Fund shall be paid out of the respective settlement fund as provided herein.

      **5.2.3**   All (a) taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Subsection (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns ("Tax Expenses")), shall be paid out of the Settlement Fund; in no event shall the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Settlement Administrator shall indemnify and hold the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order from the Court, and the Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)); the Released Parties are not responsible therefore nor shall they have any liability with respect thereto. The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out this Section.

### 5.3    Attorneys' Fees and Costs, Service Award, and Other Expenses

No later than forty-five (45) days prior to the Final Approval Hearing, Class Counsel shall make an application to the Court for an award of reasonable attorneys' fees and costs for their representation of the Settlement Class.  That application will be posted to the Settlement Website by the Settlement Administrator within three (3) days of its filing with the Court. The amount that will be requested by Class Counsel shall be no greater than one-third of the Settlement Fund. No later than the time Class Counsel files the application above, Class Counsel shall provide to the Settlement Administrator a properly completed W-9 Form pertaining to Class Counsel.

No later than forty-five (45) days prior to the Final Approval Hearing, Named Plaintiff shall make an application to the Court for the Court's approval of a Service Award of five thousand dollars ($5,000) to be paid from the Settlement Fund. No later than the time Class Counsel files the application above, Class Counsel shall provide to the Settlement Administrator a properly completed W-9 Form pertaining to the Named Plaintiff.

### 5.3.1    Payment Schedule

Attorneys' fees and costs and the Service Award, subject to Court approval, shall be paid in the amount approved by the Court within five (5) days after the Funding Date.

In addition, before commencing distribution to the Settlement Class Members, the Settlement Administrator shall determine the funds necessary to cover the remaining costs of notice and administration that the Settlement Administrator has already incurred, and reasonably expects to incur, in completing the Class Notice Plan. The Settlement Administrator shall submit that estimate to Class Counsel and Defendant's counsel for approval. Once approved, the Settlement Administrator shall withhold the estimated amount from further distribution from the Settlement Fund to cover costs of notice and administration. Each of these costs, expenses, and distributions above should be borne from the Settlement Fund.

19

Within thirty (30) days after the Funding Date, the Settlement Administrator shall send the Settlement Class Member payments out of the Settlement Fund to each Class Member (a) electronically to the email address reflected in the Class List if the notice sent to that email address pursuant to the Class Notice Plan set forth in Section 4.1.3 did not result in a bounce back; (b) via paper check to the last-known mailing address reflected in the Class List or the updated address previously used during the Class Notice Plan set forth in Section 4.1.3 if the notice sent to those addresses was not returned undeliverable, or (c) to the Defendant's Basic Needs Fund if a Settlement Class Member elects to donate the Settlement Class Member's payment for allocation to the current University of Rochester students in accordance with existing guidelines and procedures contemporaneously with the distribution of any *cy pres* award. The payment notices accompanying any paper checks shall notify the recipients that the checks must be cashed within sixty (60) days from the date on the enclosed check and that the enclosed check shall not be valid after that date.

If funds remain after the initial round of automatic *pro rata* payments, a second distribution shall be made on a *pro rata* basis to the Settlement Class Members who cashed their initial check, unless the second distribution would result in a payment of less than Ten Dollars ($10.00) per Settlement Class Member. The payment notices accompanying the second check shall notify the recipients that the checks must be cashed within sixty (60) days from the date on the enclosed check and that the enclosed check shall not be valid after that date.

Any checks from the second distribution that are not cashed by the stale date referenced above or that were returned as undeliverable shall revert to the Escrow Account. These remaining funds shall be donated to Defendant's Basic Needs Fund as a *cy pres* award. The funds shall be distributed within fifteen (15) days of the final stale date referenced above.

20

Any payments under this Settlement Agreement directed or donated to Defendant's Basic Needs Fund in any manner—such as through elected donations or through uncashed checks—will not serve to reduce Defendant's ordinary contributions to that fund within its discretion and operations.

### 6.    ENTRY OF FINAL JUDGMENT AND ORDER

No later than fourteen (14) days prior to the Final Approval Hearing, the Parties shall jointly seek entry by the Court of a Final Judgment and Order in the form of **Exhibit B** hereto, which includes the following provisions (among others):

a)    granting final approval of this Settlement Agreement, and directing its implementation pursuant to its terms and conditions;

b)    ruling on Class Counsel's applications for attorneys' fees and costs;

c)    ruling on Named Plaintiff's application for a Service Award;

d)    discharging and releasing the Released Parties, and each of them, from the Class Released Claims, as provided in Section 4.3;

e)    permanently barring and enjoining all Settlement Class Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Class Released Claims;

f)    directing that the Litigation be dismissed with prejudice and without costs;

g)    stating pursuant to Federal Rules of Civil Procedure, Rule 54(b) that there is no just reason for delay and directing that the Final Judgment and Order is a final, appealable order; and

h)    reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Judgment and Order as provided in Section 8.3.

## 7.    <u>TERMINATION</u>

Either Party has the right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement if any of the following conditions subsequent occurs:

a)    more than 10% of the individuals included on the list described in Section 4.1.1 opt out of the proposed Settlement Class;

b)    the Court fails to enter a Final Judgment and Order substantially consistent with the provisions of this Settlement Agreement;

c)    the settlement of the Class claims, or the Final Judgment and Order, is not upheld on appeal, including review by the United States Supreme Court;

d)    the Named Plaintiff, Class Counsel, or Defendant commit a material breach of the Settlement Agreement before entry of the Final Judgment and Order; or

e)    the entry of an order by any court that would require either material modification or termination of the Settlement Agreement.

If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated due to the reasons set forth in this Section 7, then the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

22

## 8.     MISCELLANEOUS PROVISIONS

### 8.1     Best Efforts to Obtain Court Approval

Named Plaintiff and Defendant, and the Parties' counsel, agree to use their best efforts to obtain Court approval of this Settlement Agreement, subject, however, to Defendant's rights to terminate the Settlement Agreement, as provided herein.

### 8.2     No Admission

This Settlement Agreement, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

a)     offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Named Plaintiff or defense asserted by Defendant, of the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing on the part of Named Plaintiff or Defendant;

b)     offered or received by or against Named Plaintiff or Defendant as a presumption, concession, admission, or evidence of any violation of any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Defendant, or of the truth of any of the allegations in the Litigation, and evidence thereof shall not be directly or indirectly admissible, in any way, (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and the Final Judgment and Order including, without limitation, asserting as a defense the release and waivers provided herein;

c)     offered or received by or against Named Plaintiff or Defendant as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing,

23

or in any way referred to for any other reason as against Defendant, in any other civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate

the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement

is finally approved by the Court, then Named Plaintiff or Defendant may refer to it to enforce their

rights hereunder; or

d)      construed as an admission or concession by Named Plaintiff, the Class, or

Defendant that the consideration to be given hereunder represents the relief that could or would

have been obtained through trial in the Litigation.

### 8.3    Court's Jurisdiction

The Court shall retain jurisdiction with respect to implementation and enforcement of the

terms of the Settlement Agreement. The Court also shall retain exclusive jurisdiction over any

determination of whether a subsequent suit is released by the Settlement Agreement.

### 8.4    Settlement Notices

Except for the Class Notice Plan, as provided for in Section 4.1 above, all other notices or

formal communications under this Settlement Agreement shall be in writing and shall be given,

with a copy by email: (1) by hand delivery; (2) by registered or certified mail, return receipt

requested, postage pre-paid; or (3) by overnight courier to counsel for the Party to whom notice is

directed at the following addresses:

For the Named Plaintiff and the Class:          For Defendant:

James A. Francis                                Richard A. McGuirk
FRANCIS MAILMAN SOUMILAS, P.C.                  Nixon Peabody LLP
1600 Market Street, Suite 2510                  1300 Clinton Square
Philadelphia, PA 19103                          Rochester, NY 14604
Tel. (215) 735-8600                             Tel. (585) 263-1644
jfrancis@consumerlawfirm.com                    rmcguirk@nixonpeabody.com

Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

**8.5    Taxes**

Named Plaintiff and Class Counsel shall be responsible for paying all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

**8.6    Parties' Costs**

Except as otherwise provided for herein, Named Plaintiff and the Defendant shall be solely responsible for their own costs and expenses.

**8.7    Confidentiality of Discovery Materials and Information**

The Parties, their counsel, and any retained or consulting experts in this Litigation, agree that they remain subject to the Court's Stipulated Confidentiality Order, as appropriate.

**8.8    Communications with Students, Community, and Members of the Public**

Defendant reserves the right to communicate with its students, community, and members of the public about the Settlement Agreement in the ordinary course of its operations. The Parties further agree to cooperate with each other and the Settlement Administrator in connection with any mass communications to respective Settlement Class Members or others, as may be necessary to effectuate the terms of this Settlement Agreement. Named Plaintiff and Class Counsel agree not to make any public statements regarding the settlement or the Litigation, except they may comment on any matters contained in the public record of the Litigation that are consistent with the Class Notice or this Settlement Agreement.

**8.9    Complete Agreement**

This Settlement Agreement is the entire, complete agreement of each and every term agreed to by and among Defendant and its counsel, Named Plaintiff, the Class, and their counsel. In entering into this Settlement Agreement, no Party has made or relied on any warranty or

25

representation not specifically set forth herein. This Settlement Agreement shall not be modified except by a writing executed by all the Parties.

### 8.10    Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

### 8.11    Severability

In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, with the exception of the release in Section 4.3, this Settlement Agreement shall continue in full force and effect without said provision to the extent Defendant does not exercise its right to terminate under Section 7.

### 8.12    No Party Is the Drafter

None of the Parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

### 8.13    Binding Effect

This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of, the Named Plaintiff, the Class, the Defendant, the Released Parties, and their respective successors and assigns.

### 8.14    Authorization to Enter Settlement Agreement

The individual signing this Settlement Agreement on behalf of the Defendant represents that the individual is fully authorized by the Defendant to enter into, and to execute, this Settlement Agreement on its behalf. Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for Defendant on behalf of Named Plaintiff, and to enter into, and to execute, this Settlement Agreement on behalf of the Settlement Class, subject to Court

26

approval pursuant to Federal Rules of Civil Procedure, Rule 23(e). The Named Plaintiff enters into and executes this Settlement Agreement on behalf of himself, and as a representative of and on behalf of the Settlement Class, subject to Court approval pursuant to Federal Rules of Civil Procedure, Rule 23(e).

**8.15    Execution in Counterparts**

Named Plaintiff, Class Counsel, Defendant, and Defendant's counsel may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument. Facsimile, electronic, and scanned signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to the Settlement Agreement. This Settlement Agreement shall not be deemed executed until signed by Named Plaintiff, by Class Counsel, and by counsel for and a representative of Defendant.

**8.16    Governing Law**

This Agreement and the exhibits hereto will be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Agreement will be construed and enforced in accordance with, and governed by, the substantive laws of the State of New York.

**Named Plaintiff**                              **Defendant University of Rochester**

*Daniel Carstairs*
Daniel Carstairs (May 23, 2025 13:52 CDT)
_____               By: _____
Daniel Carstairs                                 Title: _____

approval pursuant to Federal Rules of Civil Procedure, Rule 23(e). The Named Plaintiff enters into and executes this Settlement Agreement on behalf of himself, and as a representative of and on behalf of the Settlement Class, subject to Court approval pursuant to Federal Rules of Civil Procedure, Rule 23(e).

### 8.15    Execution in Counterparts

Named Plaintiff, Class Counsel, Defendant, and Defendant's counsel may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument. Facsimile, electronic, and scanned signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to the Settlement Agreement. This Settlement Agreement shall not be deemed executed until signed by Named Plaintiff, by Class Counsel, and by counsel for and a representative of Defendant.

### 8.16    Governing Law

This Agreement and the exhibits hereto will be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Agreement will be construed and enforced in accordance with, and governed by, the substantive laws of the State of New York.

**Named Plaintiff**                                          **Defendant University of Rochester**

_____                    By: _____
Daniel Carstairs                                         Title: _____

27

**Class Counsel**                                   **Counsel for Defendant**

_____            _____
James A. Francis                                    Richard A. McGuirk
Francis Mailman Soumilas, P.C.                      Nixon Peabody LLP


_____
Yvette Golan
The Golan Firm PLLC

**Class Counsel**                              **Counsel for Defendant**


_____            _____
James A. Francis                               Richard A. McGuirk
Francis Mailman Soumilas, P.C.                 Nixon Peabody LLP


_____
Yvette Golan
The Golan Firm PLLC

28

**Class Counsel**                                      **Counsel for Defendant**


_____          _____
James A. Francis                                       Richard A. McGuirk
Francis Mailman Soumilas, P.C.                Nixon Peabody LLP


_____
Yvette Golan
The Golan Firm PLLC


28

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DANIEL CARSTAIRS**, on behalf of himself
and all others similarly situated,

*Plaintiff*,

v.

**UNIVERSITY OF ROCHESTER**,

*Defendant*.

Case No. 6:20-cv-06690-CJS

---

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS**
**SETTLEMENT AND AUTHORIZING CLASS NOTICE**

WHEREAS, an action is pending before this Court entitled *Daniel Carstairs, et al. v.*
*University of Rochester*, Civil Action No. 6:20-cv-06690 CJS (the "Action");

WHEREAS, Plaintiff having made an application pursuant to Federal Rule of Civil
Procedure 23(e) for an order preliminarily approving a class action settlement with the
University of Rochester ("Defendant" or "Rochester" and together with Plaintiff, the
"Parties") in accordance with the settlement agreement filed with the Court ("Settlement
Agreement") which, together with the exhibits annexed thereto, sets forth the terms and
conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice
upon the terms and conditions set forth therein ("Settlement"); and

Having considered all matters submitted to it, including the complete record of the Action
and good cause appearing therefore, the Court grants preliminary approval of the Settlement and
hereby finds and concludes as follows:

1.      The capitalized terms used in this Preliminary Approval Order ("Order") shall have
the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. The Court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

4. The Court also preliminarily finds that the plan for distribution of the Settlement Fund, as set forth in the Settlement Agreement, is fair and equitable, subject to issues raised by any Settlement Class Members after Notice is conducted.

5. The Court appoints Daniel Carstairs as class representative and James Francis, John Soumilas, and Jordan M. Sartell of Francis Mailman Soumilas, P.C., 1600 Market St., Suite 2510, Philadelphia PA 19103; and Yvette Golan of The Golan Firm PLLC, 529 14th Street NW, Suite 914, Washington DC 20045 as Class Counsel and certifies the Settlement Class as defined in the Settlement Agreement.

6. In consultation with, and with the approval of, Defendant, Class Counsel is hereby authorized to establish the means necessary to administer the proposed Settlement and implement the proposed notice plan in accordance with the terms of the Settlement Agreement. The Parties will retain Continental DataLogix, LLC as an agreed-upon third-party Settlement Administrator, whose reasonable fees and costs are to be paid from the Settlement Fund in accordance with the Settlement Agreement. The Settlement Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Order, and subsequent orders that may be entered by this Court in this case.

7. The Court approves the form and content of the Notice attached as Exhibit C to the Settlement Agreement. The Notice is written in plain English, is easy to comprehend, and fully complies with the requirements of the Due Process Clause of the United States Constitution, Rule

2

23 of the Rules of Civil Procedure, and any other applicable law. The Parties shall have discretion to jointly make non-material ministerial revisions to the Notice. Responsibility for settlement administration, including, but not limited to, notice and related procedures, shall be with the Settlement Administrator, subject to the oversight of the Parties and this Court, as described in the Settlement Agreement.

8.      The Court finds that the Notice is reasonably calculated to provide notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, the Final Approval Hearing established at a time set forth herein, and applicable deadlines, complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties and the Settlement Administrator shall comply with the Notice and other deadlines as set forth in the Settlement Agreement and this Order.

9.      The Settlement Administrator shall implement the Notice process, as set forth below and in the Settlement Agreement, using the form of Notice appended as Exhibit C to the Settlement Agreement and approved by this Order, or in the substantially same form.

10.     Within twenty (20) days after entry of this Order, Defendant shall provide Class Counsel and the Settlement Administrator the Class List as defined in the Settlement Agreement.

11.     Within twenty-eight (28) days after Defendant provides the Class List to the Settlement Administrator, the Settlement Administrator will send the Notice to Settlement Class Members in accordance with the procedures set forth in the Settlement Agreement. The Parties may agree on additional emails or mailings as appropriate, including via recommendations from the Settlement Administrator.

12.    Additionally, pursuant to the terms of the Settlement Agreement, Notice shall be provided on a website at an available settlement URL to be agreed upon by the Parties, which shall be obtained, administered, and maintained by the Settlement Administrator. Copies of the Settlement Agreement, Notice, and other pertinent documents and Court filings pertaining to the Settlement shall be provided on the Settlement Website.

13.    Class Members who wish to opt-out to the proposed Settlement may do so by submitting a Request for Exclusion. All Requests for Exclusion must be in writing, sent to the Settlement Administrator, and postmarked no later than thirty (30) days before the Final Approval Hearing.  To be valid, a Request for Exclusion must be personally signed and must include: (1) the individual's name, mailing address, and telephone number; and (2) a statement substantially to the effect that: "I request to be excluded from the Settlement Class in the matter of *Daniel Carstairs v. University of Rochester*." No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Class.

14.    Settlement Class Members who have not excluded themselves from the proposed Settlement and who wish to present objections to it must file the objection in writing with the Clerk of Court no later than thirty (30) days prior to the Final Approval Hearing and must concurrently serve the objection on the Settlement Administrator, Class Counsel, and counsel for Defendant. The objection must include the following: (1) the Settlement Class Member's full name, mailing address, and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (4) the identity of any witnesses the objector may

call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. The Settlement Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the objector, to the Parties' counsel by email delivery no later than three (3) days after receipt of the objection.

15.    Objectors may withdraw their objections at any time. Any Settlement Class Member who has elected to opt-out may not submit objections to the Settlement.

16.    To the extent that the issue raised by an objector has not been resolved, the objector or either Party may seek relief from the Court including declaring that the objector has opted out or that the objection has been overruled.

17.    Any Settlement Class Member who does not timely submit an opt-out statement pursuant to the Settlement Agreement will be deemed to have accepted the Settlement and the terms of the Settlement Agreement, will be bound by the final approval order, and will have any Class Released Claims released and dismissed with prejudice.

18.    Settlement Class Members are not required to take any affirmative steps to participate in this Settlement and, upon Court approval, settlement checks will be mailed to all Settlement Class Members by the dates set forth in the Settlement Agreement or in this Order. However, Settlement Class Members shall be given the opportunity to decide upon a reasonably convenient method for them to receive their settlement proceeds among several reasonable options.

19.    No later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel (with a copy to Defendant), who shall file it with the Court, a declaration verifying that notice has been provided to the Class as set forth herein and listing all of the valid opt-outs received.

20.    The Court directs that a Final Approval Hearing will take place on _____, 2025, at 10:00 a.m., at the United States District Courthouse, 100 State Street, Rochester, NY 14614, to assist the Court in determining whether to grant Final Approval of the Settlement and whether to grant Class Counsel's application for attorneys' fees and request for a Service Award for the Plaintiff. Notice of this Final Approval Hearing date shall be provided in the Notice to Class Members to give them the opportunity to be heard.

21.    All proceedings in the Action are hereby stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

22.    Upon entry of this Order, all Settlement Class Members will be preliminarily barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties. Upon entry of a Final Approval Order, all Settlement Class Members will be forever barred and enjoined from taking any action in violation of this provision.

23.    This Order constitutes a judicial order within the meaning of the Family Educational Rights and Privacy Act (*see* 20 U.S.C. § 1232g; 34 C.F.R. § 99.31(a)(9)(i)), and this Order together with the Settlement Agreement constitute specific notice of Rochester's intention to comply with the terms of this Order and the Settlement Agreement (*see* 34 C.F.R. § 99.31(a)(9)(ii)).

24.    Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions that must precede it:

A.    Defendant's Counsel shall provide Class Counsel and the Settlement Administrator with the Class List within twenty (20) days of this Order.

B.    The Settlement Administrator shall email and/or mail the Notice within twenty-eight (28) days after receipt of the Class List. No later than five (5) days prior to the initial mailing of Notices, the Settlement Administrator shall establish the Settlement Website.

C.       Settlement Class Members must either postmark or submit an opt out, or object no later than thirty (30) days prior to the Final Approval Hearing.

D.       A Final Approval Hearing will take place on _____, 2025, at 10:00 a.m.

E.       Class Counsel's application for an award of attorney's fees and cost and for a Service Award for the Named Plaintiff shall be filed no later than forty-five (45) days prior to the Final Approval Hearing.

F.       Final approval submissions in advance of the Final Approval Hearing including the final approval motion shall be filed no later than fourteen (14) days prior to the Final Approval Hearing.

**Rochester, New York, this ____ day of _____, 2025.**

_____
**HON. CHARLES J. SIRAGUSA**

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

DANIEL CARSTAIRS, *on behalf of himself and all others similarly situated*,

        Plaintiff,

    v.

UNIVERSITY OF ROCHESTER,

        Defendant.

Case No. 6:20-cv-06690-CJS

## [PROPOSED] FINAL APPROVAL ORDER

This matter, having come before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement with Defendant University of Rochester (hereafter "Defendant"), and the Court, having considered all papers filed and arguments made with respect to the settlement, having granted preliminary approval to the settlement by Order of [DATE_], ECF ___, and being fully advised finds that:

1.    On [DATE], the Court held a final approval hearing, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the settlement. The Court received ___ objections to the settlement.

2.    Notice to the Settlement Class[1] required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order Preliminarily Approving Class Settlement and Directing Notice to Settlement Class Members, ECF __. Such notice was given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances, including the dissemination of individual notice to all members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

---

[1]    Capitalized terms are defined in Section II of the parties' Class Settlement Agreement and Release ("Agreement"). ECF ___.

3.     Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4.     The terms of the parties' Agreement, ECF ___, are incorporated fully into this Order by reference. The Court finds that the terms of the settlement are fair, reasonable, and adequate in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

5.     The Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of final approval.

6.     The Court finds that the relief provided under the settlement constitutes fair value given in exchange for the release of claims.

7.     The parties and each class member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the settlement agreement.

8.     The Court finds that it is in the best interests of the parties and the Settlement Class and consistent with principles of judicial economy that any dispute between any class member (including any dispute as to whether any person is a class member) and any released party which, in any way, relates to the applicability or scope of the settlement agreement or this Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

9.     This action is a class action against Defendant on behalf of the following class:

Any student or learner who paid or caused to be paid tuition and/or Mandatory Fees to Defendant to attend in-person courses at the University of Rochester in the Spring 2020 Semester, Summer 2020 Semester, and/or Fall 2020 Semester for a degree- or certificate-bearing University of Rochester program and whose courses were not provided in-person, whose tuition and Mandatory Fees have not been refunded in their entirety.  Excluded from the Settlement Class are: (1) students who did not enroll in in-person classes at Rochester for the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester; (2) students who received exclusively in-person classes at Rochester for all classes enrolled during the Spring

2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester; (3) students who received a refund, Gift Aid, or Rochester scholarships covering all tuition and Mandatory Fees for each of the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester in which they enrolled in in-person classes but did not receive in-person classes; (4) any District Judge or Magistrate Judge presiding over this Action and members of their families; (5) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (6) persons who properly execute and file a timely request for exclusion from the Class; and (7) the legal representatives, successors or assigns of any such excluded persons.

10.     The Agreement submitted by the parties for the class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the class. The Agreement, including the monetary relief set forth therein, shall be deemed incorporated herein and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

11.     As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

12.     As agreed by the parties in the Settlement Agreement, upon the Effective Date, each Settlement Class Member who has not opted out of the settlement is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Class Released Claims.

13.     Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court awards $1,666,666.66 as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses, which shall be paid from the Settlement Fund.

14.     Upon consideration of the application for an individual settlement and service award, the Named Plaintiff Daniel Carstairs is awarded the sum of five thousand dollars ($5,000), to be paid from the Settlement Fund, for his services for and on behalf of the Class.

15.    Neither this Order nor the Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

16.    Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Agreement. Without limiting the generality of the foregoing, any dispute concerning the Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Participating Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Participating Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17.    This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

4

18.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

19.     [LIST OPT OUTS, IF ANY], has validly excluded ___self from the Settlement Class in accordance with the provisions of the Settlement Agreement and the Court's Order Preliminarily Approving Class Settlement and Directing Notice to Settlement Class Members and is thus excluded from the terms of this Order. Further, because the settlement is being reached as a compromise to resolve this litigation, including before a final determination of the merits of any issue in this case, _____ may not invoke the doctrines of *res judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation against Defendant in connection with the claims settled by the Settlement Class.


Dated: _____          BY THE COURT:


                                      _____
                                      Hon. Charles J. Siragusa
                                      United States District Judge

# EXHIBIT C

## <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

*Daniel Carstairs, et al. v. University of Rochester*, No. 6:20-cv-06690 CJS (W.D.N.Y.)

<u>**PLEASE READ THIS NOTICE CAREFULLY.**</u> If you were a student or learner at the University of Rochester ("Defendant" or "Rochester") who paid or caused to be paid tuition and/or Mandatory Fees to Rochester to attend in-person courses at Rochester in the Spring 2020 Semester, Summer 2020 Semester, and/or Fall 2020 Semester for a degree- or certificate-bearing University of Rochester program and whose courses were not provided in-person, you are a member of the proposed class action settlement in the above-captioned case.

*The United States District Court for the Western District of New York authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

| **WHY DID I GET THIS NOTICE?** |
| --- |

- A Settlement has been reached with Rochester in a class action lawsuit alleging that students are entitled to <u>partial</u> refunds of tuition and fees due to Rochester's temporary transition from in-person instruction and other educational services to a virtual environment beginning in March 2020 in response to the COVID-19 pandemic and related, government-mandated public health measures. The case *Daniel Carstairs, et al. v. University of Rochester*, No. 6:20-cv-06690 CJS, is pending in the United States District Court for the Western District of New York (the "Action"). Rochester denies all allegations of wrongdoing and disclaims all liability with regard to all claims in the Action, and the proposed Settlement is not an admission of wrongdoing by Rochester. But Rochester has agreed to settle this case to avoid the expenses and uncertainties associated with continued litigation. The Court has granted preliminary approval of the Settlement and has conditionally certified the Potential Settlement Class for purposes of settlement only. You are receiving this Notice because you may be a Settlement Class Member.[1]

- You are a member of the Potential Settlement Class if you were a student or learner who paid or caused to be paid tuition and/or Mandatory Fees to Rochester to attend in-person courses at the University of Rochester in the Spring 2020 Semester, Summer 2020 Semester, and/or Fall 2020 Semester for a degree- or certificate-bearing University of Rochester program and whose courses were not provided in-person. But you are not a member of the Potential Settlement Class if you are among the following: (1) students who did not enroll in in-person classes at Rochester for the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester; (2) students who received exclusively in-person classes at Rochester for all classes enrolled during the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester; (3) students who received a refund, Gift Aid, or Rochester scholarships covering all tuition and Mandatory Fees for each of the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester in which they enrolled in in-person classes but did not receive in-person classes; (4) any District Judge or Magistrate Judge presiding over this Action and members of their families; (5) the Defendant, Defendant's subsidiaries, parent companies, successors,

---

[1] Definitions for terms used herein can be found in the Settlement Agreement available at www.URSettlement.com.

1

predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (6) persons who properly execute and file a timely request for exclusion from the class; and (7) the legal representatives, successors or assigns of any such excluded persons.

- As more fully explained in the Settlement Agreement, under the terms of the Settlement Agreement, Rochester will pay $3.5 million into a Settlement Fund. Some of that will go to Class Counsel for attorneys' fees and expenses, some will go to the class representative as a service award, and some will pay for the costs of administering the settlement. What remains of the $3.5 million will be divided among the approximately 10,000 Potential Settlement Class Members (as defined herein) based on the formula contained in the Settlement Agreement. Potential Settlement Class Members do not need to take any action to receive their shares of the payment. If the Court ultimately approves the Settlement, Potential Settlement Class Members will automatically receive their share of any payment under the Settlement Agreement electronically, if the Settlement Administrator has a valid email address for the Potential Settlement Class Member. Otherwise, the Settlement Administrator will mail a check for the amount due to the Potential Settlement Class Member. Potential Settlement Class Members may visit the Settlement Website to update their email or mailing address, change their options for payment, or to direct any payment to which they are entitled to Defendant's Basic Needs Fund, a fund maintained by Rochester to provide short-term assistance to students in unanticipated or emergency situations.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Potential Settlement Class Members who do nothing automatically receive a payment electronically, directed to their email address if the Settlement Administrator has a valid email address for them, or otherwise by check. You will give up any rights you may have to sue Rochester about the issues in this case. |
| **CHANGE YOUR PAYMENT OPTIONS** | Potential Settlement Class Members may visit www.URSettlement.com to (a) update their email and/or mailing address, (b) to elect to receive the cash award by a paper check to their mailing address, or (c) to direct any payment to which they are entitled to Defendant's Basic Needs Fund. Potential Settlement Class Members may also submit this information to the Settlement Administrator by mail at [address]. |
| **EXCLUDE YOURSELF** | You will not receive your cash award, but you will retain any rights you may have to sue Rochester about the issues in this case. The deadline to exclude yourself is [date]. |

| **OBJECT** | Write to the Court explaining why you don't like the Settlement. If the Court approves the Settlement, you will be bound by the Court's decision and the Settlement Agreement. The deadline to object to the Settlement is [date]. |
|---|---|
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement during the Final Approval Hearing on [date]. |

*These rights and options—and the deadlines to exercise them—are explained in this Notice. Please review this Notice carefully*.

The Court presiding over this case still has to decide whether to approve the Settlement. The cash award made available by this Settlement will be provided only if the Court approves the Settlement and after any issues with the Settlement are resolved. Please be patient.

## WHAT IS THIS ACTION ABOUT?

The Action alleges that students who attended Rochester during the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester are entitled to partial refunds of tuition and fees as a result of Rochester's temporary transition of in-person instruction and other educational services to a virtual environment beginning in March 2020 due to the COVID-19 pandemic and related, government-mandated public health measures. Rochester denies each and every allegation of wrongdoing, liability, and damages asserted, and Rochester denies that the claims in the Action would be appropriate for class treatment if the litigation proceeded through trial.

The Plaintiff's Complaint, the Settlement Agreement, and other case-related documents are available on the Settlement Website, accessible at www.URSettlement.com.

## WHY IS THIS A CLASS ACTION?

A class action is a lawsuit in which one or more persons called a "Class Representative" sues on behalf of people with similar claims. These people together are a "Settlement Class" or "Potential Settlement Class Members." The Settlement, if finally approved by the Court, resolves the issues for all Potential Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## WHY IS THERE A SETTLEMENT?

The Plaintiff and Rochester have determined that it is in their best interests to settle to avoid the expenses and uncertainties associated with continued litigation. This Settlement resolves all claims asserted in the case against Rochester. The Plaintiff and the attorneys for the Potential Settlement Class believe the proposed Settlement is in the best interests of the Class. The Settlement is not an admission of wrongdoing by Rochester and does not imply that there has been, or would be, any finding that Rochester violated any law if the case were to move forward. Rochester denies each and every allegation of wrongdoing and liability in the Action. The Court did not reach a decision

3

on the merits of the Action or whether a class could be certified. The Court has preliminarily approved the Settlement and ordered that this Notice be provided to explain it. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Potential Settlement Class for settlement purposes only, so that Potential Settlement Class Members receive this Notice and have the opportunity to exclude themselves from the Potential Settlement Class or to voice their support for or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the Action will proceed as if there had been no settlement and no certification of the Potential Settlement Class.

## WHO IS IN THE POTENTIAL SETTLEMENT CLASS?

You are a member of the Potential Settlement Class if you were a student or learner who paid or caused to be paid tuition and/or Mandatory Fees to Rochester to attend in-person courses at the University of Rochester in the Spring 2020 Semester, Summer 2020 Semester, and/or Fall 2020 Semester for a degree- or certificate-bearing University of Rochester program and whose courses were not provided in-person, and you are not excluded from the Potential Settlement Class. Excluded from the Potential Settlement Class are:

(1)    students who did not enroll in in-person classes at Rochester for the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester;

(2)    students who received exclusively in-person classes at Rochester for all classes enrolled during the Spring 2020 Semester, Summer 2020 Semester and Fall 2020 Semester;

(3)    students who received a refund, Gift Aid, or Rochester scholarships covering all tuition and Mandatory Fees for each of the Spring 2020 Semester, Summer 2020 Semester and/or Fall 2020 Semester in which they enrolled in in-person classes but did not receive in-person classes;

(4)    any District Judge or Magistrate Judge presiding over this Action and members of their families;

(5)    the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees;

(6)    persons who properly execute and file a timely request for exclusion from the class; and

(7)    the legal representatives, successors or assigns of any such excluded persons.

| WHAT ARE MY OPTIONS? |
|---|

**(1)    Receive Payment Electronically, by Check or Direct any Payment to which You are Entitled to Defendant's Basic Needs Fund.**

The $3.5 million Settlement Fund, minus any attorneys' fee for Plaintiff's counsel (addressed below), a service award for the named Plaintiff of up to $5,000 total, and the costs of administering the settlement, will be divided among all Potential Settlement Class Members in accordance with the formula contained in the Settlement Agreement.  The parties expect the payment to be approximately $____ per recipient on average. You do not need to take any action to receive your share of the Settlement. Potential Settlement Class Members will automatically receive their cash award electronically to their email address.  Alternatively, if a Potential Settlement Class Member prefers to receive their cash award by check, they may visit the Settlement Website to make that election and confirm their mailing address.  Similarly, a Potential Settlement Class Member may direct any payment to which they are entitled to Defendant's Basic Needs Fund on the Settlement Website.  Potential Settlement Class Members may also provide payment election information to the Settlement Administrator by mail at the address below. If any Potential Settlement Class Member fails to cash their cash award checks, those monies from uncashed checks will be designated to Rochester's Basic Needs Fund.

**(2)    Exclude Yourself ("Opt out" of the Settlement)**.

You may exclude yourself from the Settlement. If you do so, you will not receive a cash award from the Settlement Fund. You will not release any claims you may have against Rochester and the Released Parties (as that term is defined in the Settlement Agreement, available for review at www.URSettlement.com), and you will be able to pursue whatever legal rights you may have by pursuing your own lawsuit against Rochester and the Released Parties at your own risk and expense.

To exclude yourself from the Settlement, you must mail, via First Class United States Mail, postage prepaid, a written, signed statement to the Settlement Administrator at _____, postmarked no later than no later than thirty (30) days before the Final Approval Hearing, scheduled for _____. Your request to be excluded from the Settlement must be personally signed and must include: (1) your name, mailing address, and telephone number; and (2) a statement substantially to the effect that: "I request to be excluded from the Settlement Class in the matter of *Daniel Carstairs v. University of Rochester*." You cannot ask to be excluded by phone. You may opt out of the Settlement Class only for yourself; one may not purport to opt others out of the Potential Settlement Class on a class or representative basis. "Mass" or "class" opt-outs will not be allowed.

**(3)    Object to the Settlement**.

If you are a Potential Settlement Class Member (and do not exclude yourself from the Potential Settlement Class), you can object to any part of the Settlement. You can ask the Court to deny approval of the proposed settlement by filing an objection pursuant to the process noted below. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, the benefits for Potential Settlement Class Members described herein will not be provided, and the lawsuit will continue.

To object, you must file your objection in writing with the Clerk of Court no later than thirty (30) days prior to the Final Approval Hearing, scheduled for _____, and must concurrently serve the objection on the Settlement Administrator, Class Counsel, and counsel for Defendant. The objection must include:

- the Settlement Class Member's full name, mailing address, and current telephone number;

- if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees and all factual and legal support for that request;

- all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class;

- the identity of any witnesses the objector may call to testify;

- a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and

- a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel.

"Mass" or "class" objections will not be allowed.

**If you do not timely and validly make your objection, you will be deemed to have waived all objections and may not be entitled to speak at the Final Approval Hearing.**

If you file and serve a written objection and statement of intent to appear, you may appear at the Final Approval Hearing, either in person or through your personal counsel hired at your own expense, to object to the fairness, reasonableness, or adequacy of the Settlement.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) no later than thirty (30) days prior to the Final Approval Hearing. You must also send a copy of your objection by mail, hand, or overnight delivery service to the Settlement Claims Administrator at [Address], Class Counsel, including _____, and Defendant's counsel, postmarked no later than thirty (30) days prior to the Final Approval Hearing.

If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by [**DATE**]. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection. If you object and the Settlement is approved, you will still be entitled to receive benefits under the Settlement and will be bound by the terms of the Settlement.

**COMPENSATION TO CLASS COUNSEL AND THE NAMED PLAINTIFF**

*Class Representative Compensation*. The Court may award reasonable service compensation to the Class Representative for his service in the Action, not to exceed Five Thousand Dollars ($5,000) total, which shall come from the Settlement Fund. This shall be in addition to any cash award that the Class Representative may receive as a Potential Settlement Class Member.

*Class Counsel Attorneys' Fees, Costs, and Expenses*. The attorneys who brought the Action (listed below) will ask the Court to award them attorneys' fees plus reimbursement of costs and expenses in an amount not to exceed one-third (33 1/3 %) of the Settlement Fund ($1,166,666.66) for the time, expense and effort expended in investigating the facts, conducting the litigation, and negotiating the Settlement.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against Rochester or the Released Parties about the issues in this case. This specifically includes but is not limited to any claim for breach of contract or any tort, common law or statutory claim arising out of or in any way allegedly related to Rochester's actions, inactions, decisions, and/or indecisions with respect to COVID-19 in the Spring 2020 Semester, Summer 2020 Semester, and Fall 2020 Semester including transitioning from in-person instruction, educational services, campus events, and other Rochester services to a remote format, including but not limited to all claims that were brought or could have been brought in the Action by Releasing Parties relating to any and all of the Released Parties. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.URSettlement.com. *The Settlement Agreement provides more detail regarding the Released Claims, Released Parties, and Releasing Parties with specific descriptions in necessary, accurate legal terminology, so read it carefully*. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Potential Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## WHEN WILL I RECEIVE MY CASH PAYMENT?

Cash awards will be distributed if and after the Court grants Final Approval to the Settlement. The parties cannot accurately predict when (or whether) the Court will grant Final Approval to the Settlement, or whether there may be appeals from that order that take additional time to resolve, so please be patient. After the Court grants Final Approval to the Settlement, and after any appeals are resolved, cash awards will likely be paid within 60 to 90 days.

Updated information about the case will be made available at www.URSettlement.com or you can call the Settlement Administrator at _____ or contact Class Counsel at the information provided below.

## WHEN WILL THE COURT RULE ON THE SETTLEMENT?

The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a final approval or fairness hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Potential Settlement Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees and expenses and Service Awards for the Plaintiff that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on [**DATE**], **2025**, at [**TIME**] **ET**, at the U.S. District Court for the Western District of New York, 100 State Street, Rochester, NY 14614. The date and time of the Final Approval Hearing are subject to change by Court Order, and the hearing may be conducted remotely. Any changes, including instructions for how Potential Settlement Class Members may attend the hearing if it is conducted virtually or by telephonic means, will be posted at the Settlement Website, www.URSettlement.com and on the Court's docket on PACER at https://pacer.uscourts.gov/.

If the Settlement is given Final Approval, the Court will not make any determination as to the merits of the claims or defenses at issue. Instead, the Settlement's terms will take effect and the Action will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement to achieve an early and certain resolution to the Action, so it provides specific and valuable benefits to the members of the Potential Settlement Class.

If the Court does not grant Final Approval of the Settlement, or if Final Approval is reversed on appeal, or if the Settlement does not become final for some other reason, Plaintiff, Rochester, and Class Members will be in the same position as they were before the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and Plaintiff and Rochester will continue to litigate the Action. There can be no assurance that, if the Settlement is not approved, the Potential Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement. More details are in the Settlement Agreement which, along with other documents, can be obtained at www.URSettlement.com. If you have any questions, you can also call the Settlement Administrator at 1-___ or Class Counsel at the numbers or email addresses set forth below. Besides the documents available on the case website, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk.

***Please do not contact the Judge or the Clerk of the Court or Rochester about this case. They cannot give you advice on your options***.

## WHO REPRESENTS THE CLASS?

The Court has approved these attorneys to represent the Potential Settlement Class. They are called "Class Counsel."

You will **not** be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

James A. Francis
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com

Yvette Golan
**THE GOLAN FIRM PLLC**
529 14th St. NW Suite 914
T: (866) 298-4150
F: (928) 441-8250
ygolan@tgfirm.com

4927-6721-2598.5