UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DANIEL CARSTAIRS**, on behalf of himself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>    v.<br><br>**UNIVERSITY OF ROCHESTER**,<br><br>    *Defendant*. | Case No. 6:20-cv-06690-CJS |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
SETTLEMENT AND AUTHORIZING CLASS NOTICE**

WHEREAS, an action is pending before this Court entitled *Daniel Carstairs, et al. v. University of Rochester*, Civil Action No. 6:20-cv-06690 CJS (the "Action");

WHEREAS, Plaintiff having made an application pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving a class action settlement with the University of Rochester ("Defendant" or "Rochester" and together with Plaintiff, the "Parties") in accordance with the settlement agreement filed with the Court ("Settlement Agreement") which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein ("Settlement"); and

Having considered all matters submitted to it, including the complete record of the Action and good cause appearing therefore, the Court grants preliminary approval of the Settlement and hereby finds and concludes as follows:

1.    The capitalized terms used in this Preliminary Approval Order ("Order") shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. The Court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

4. The Court also preliminarily finds that the plan for distribution of the Settlement Fund, as set forth in the Settlement Agreement, is fair and equitable, subject to issues raised by any Settlement Class Members after Notice is conducted.

5. The Court appoints Daniel Carstairs as class representative and James Francis, John Soumilas, and Jordan M. Sartell of Francis Mailman Soumilas, P.C., 1600 Market St., Suite 2510, Philadelphia PA 19103; and Yvette Golan of The Golan Firm PLLC, 529 14th Street NW, Suite 914, Washington DC 20045 as Class Counsel and certifies the Settlement Class as defined in the Settlement Agreement.

6. In consultation with, and with the approval of, Defendant, Class Counsel is hereby authorized to establish the means necessary to administer the proposed Settlement and implement the proposed notice plan in accordance with the terms of the Settlement Agreement. The Parties will retain Continental DataLogix, LLC as an agreed-upon third-party Settlement Administrator, whose reasonable fees and costs are to be paid from the Settlement Fund in accordance with the Settlement Agreement. The Settlement Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Order, and subsequent orders that may be entered by this Court in this case.

7. The Court approves the form and content of the Notice attached as Exhibit C to the Settlement Agreement. The Notice is written in plain English, is easy to comprehend, and fully complies with the requirements of the Due Process Clause of the United States Constitution, Rule

23 of the Rules of Civil Procedure, and any other applicable law. The Parties shall have discretion to jointly make non-material ministerial revisions to the Notice. Responsibility for settlement administration, including, but not limited to, notice and related procedures, shall be with the Settlement Administrator, subject to the oversight of the Parties and this Court, as described in the Settlement Agreement.

8. The Court finds that the Notice is reasonably calculated to provide notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, the Final Approval Hearing established at a time set forth herein, and applicable deadlines, complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties and the Settlement Administrator shall comply with the Notice and other deadlines as set forth in the Settlement Agreement and this Order.

9. The Settlement Administrator shall implement the Notice process, as set forth below and in the Settlement Agreement, using the form of Notice appended as Exhibit C to the Settlement Agreement and approved by this Order, or in the substantially same form.

10. Within twenty (20) days after entry of this Order, Defendant shall provide Class Counsel and the Settlement Administrator the Class List as defined in the Settlement Agreement.

11. Within twenty-eight (28) days after Defendant provides the Class List to the Settlement Administrator, the Settlement Administrator will send the Notice to Settlement Class Members in accordance with the procedures set forth in the Settlement Agreement. The Parties may agree on additional emails or mailings as appropriate, including via recommendations from the Settlement Administrator.

12. Additionally, pursuant to the terms of the Settlement Agreement, Notice shall be provided on a website at an available settlement URL to be agreed upon by the Parties, which shall be obtained, administered, and maintained by the Settlement Administrator. Copies of the Settlement Agreement, Notice, and other pertinent documents and Court filings pertaining to the Settlement shall be provided on the Settlement Website.

13. Class Members who wish to opt-out to the proposed Settlement may do so by submitting a Request for Exclusion. All Requests for Exclusion must be in writing, sent to the Settlement Administrator, and postmarked no later than thirty (30) days before the Final Approval Hearing. To be valid, a Request for Exclusion must be personally signed and must include: (1) the individual's name, mailing address, and telephone number; and (2) a statement substantially to the effect that: "I request to be excluded from the Settlement Class in the matter of *Daniel Carstairs v. University of Rochester*." No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Class.

14. Settlement Class Members who have not excluded themselves from the proposed Settlement and who wish to present objections to it must file the objection in writing with the Clerk of Court no later than thirty (30) days prior to the Final Approval Hearing and must concurrently serve the objection on the Settlement Administrator, Class Counsel, and counsel for Defendant. The objection must include the following: (1) the Settlement Class Member's full name, mailing address, and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (4) the identity of any witnesses the objector may

call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. The Settlement Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the objector, to the Parties' counsel by email delivery no later than three (3) days after receipt of the objection.

15. Objectors may withdraw their objections at any time. Any Settlement Class Member who has elected to opt-out may not submit objections to the Settlement.

16. To the extent that the issue raised by an objector has not been resolved, the objector or either Party may seek relief from the Court including declaring that the objector has opted out or that the objection has been overruled.

17. Any Settlement Class Member who does not timely submit an opt-out statement pursuant to the Settlement Agreement will be deemed to have accepted the Settlement and the terms of the Settlement Agreement, will be bound by the final approval order, and will have any Class Released Claims released and dismissed with prejudice.

18. Settlement Class Members are not required to take any affirmative steps to participate in this Settlement and, upon Court approval, settlement checks will be mailed to all Settlement Class Members by the dates set forth in the Settlement Agreement or in this Order. However, Settlement Class Members shall be given the opportunity to decide upon a reasonably convenient method for them to receive their settlement proceeds among several reasonable options.

19. No later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel (with a copy to Defendant), who shall file it with the Court, a declaration verifying that notice has been provided to the Class as set forth herein and listing all of the valid opt-outs received.

20. The Court directs that a Final Approval Hearing will take place on _____, 2025, at 10:00 a.m., at the United States District Courthouse, 100 State Street, Rochester, NY 14614, to assist the Court in determining whether to grant Final Approval of the Settlement and whether to grant Class Counsel's application for attorneys' fees and request for a Service Award for the Plaintiff. Notice of this Final Approval Hearing date shall be provided in the Notice to Class Members to give them the opportunity to be heard.

21. All proceedings in the Action are hereby stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

22. Upon entry of this Order, all Settlement Class Members will be preliminarily barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties. Upon entry of a Final Approval Order, all Settlement Class Members will be forever barred and enjoined from taking any action in violation of this provision.

23. This Order constitutes a judicial order within the meaning of the Family Educational Rights and Privacy Act (*see* 20 U.S.C. § 1232g; 34 C.F.R. § 99.31(a)(9)(i)), and this Order together with the Settlement Agreement constitute specific notice of Rochester's intention to comply with the terms of this Order and the Settlement Agreement (*see* 34 C.F.R. § 99.31(a)(9)(ii)).

24. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions that must precede it:

    A.    Defendant's Counsel shall provide Class Counsel and the Settlement Administrator with the Class List within twenty (20) days of this Order.

    B.    The Settlement Administrator shall email and/or mail the Notice within twenty-eight (28) days after receipt of the Class List. No later than five (5) days prior to the initial mailing of Notices, the Settlement Administrator shall establish the Settlement Website.

    C.      Settlement Class Members must either postmark or submit an opt out, or object no later than thirty (30) days prior to the Final Approval Hearing.

    D.      A Final Approval Hearing will take place on _____, 2025, at 10:00 a.m.

    E.      Class Counsel's application for an award of attorney's fees and cost and for a Service Award for the Named Plaintiff shall be filed no later than forty-five (45) days prior to the Final Approval Hearing.

    F.      Final approval submissions in advance of the Final Approval Hearing including the final approval motion shall be filed no later than fourteen (14) days prior to the Final Approval Hearing.

**Rochester, New York, this \_\_\_ day of _____, 2025.**

_____
**HON. CHARLES J. SIRAGUSA**